54 CCPA

**APPLIED RESEARCH AND DEVELOP-MENT CORPORATION, Appellant,**

v.

**LILY-TULIP CUP CORPORATION,**
Appellee.

**Patent Appeal No. 7753.**

United States Court of Customs
and Patent Appeals.
Feb. 9, 1967.

—————◆—————

Francis D. Thomas, Jr., Washington,
D. C., for appellant.

Lawrence F. Scinto, New York City,
for appellee.

Before WORLEY, Chief Judge, RICH,
SMITH and ALMOND, Judges, and
Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

Applied Research seeks registration of
"China-Foam" for use on plastic dishes,
bowls, plates and cups. Lily-Tulip op-
poses on its prior use and registration of
"China-Cote" for paper containers and
cups. The Trademark Trial and Appeal
Board, one member dissenting, concluded
there would be a likelihood of confusion
between the competing marks and sus-
tained the opposition, 145 USPQ 504.

From our review of the record and
briefs we are inclined to agree with the
board, at least we feel this record entitles
doubt on that score to be resolved in
favor of the first user.

Although the goods are not identical
in material or construction, there can be
no doubt that they are competitive. Al-
though some of the common purchasers,
e. g., vending machine operators, might
well be termed discriminating buyers, the
competing goods are, as the board points
out, also sold to the general public. We
are not dealing here with such diverse
products as, for example, broomsticks and
lipsticks, but with articles designed to
serve the same purposes. While it is
true that "Cote" and "Foam" are quite
distinct, still when they are coupled with
"China" and viewed in their entirety, as
they must be, on goods with so many
other things in common, we are in-
clined to agree that the average pur-
chaser of the instant goods would be like-
ly to assume the products emanated from
the same source.

We are familiar with the decisions
cited and relied on by both parties, but
again point out that precedents in trade-
mark cases are of little value when dif-
ferent facts and marks are involved.

The decision is affirmed.

Affirmed.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

SMITH, Judge (dissenting).

The dissenting member of the board reasoned as follows, 145 USPQ 504, 506:

\* \* \* I cannot agree with the majority opinion that applicant's mark will suggest to purchasers of disposable dishes and cups that applicant's goods originate from the same source as the goods of opposer. In this regard, the term "CHINA", which is the only element that the marks "CHINA-FOAM" and "CHINA-COTE" possess in common, is obviously intended to be suggestive of the fact that the respective goods of the parties bear some resemblance to china either as to finish or as to hardness. While the third-party registrations do not, for the most part, read on the specific goods of the parties, I believe that they are sufficient to establish that the word "CHINA", or equivalents thereof, have been frequently adopted by others to indicate some connection or resemblance to porcelain or chinaware.

It is my opinion that the respective marks would merely suggest different qualities or characteristics of the respective products rather than bestow any suggestion that they originate from a common source. \* \* \*

I agree. I would not, by invoking the rule of doubt in favor of the first user, give to appellee-opposer's mark the breadth of protection necessary to sustain the opposition. The record fails, in my opinion, to establish a likelihood of confusion between the respective marks.